IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MITCHELL MORRISSEY,

    Plaintiff,

v.                                        Civil No. 24-3249-BAH

CYBER RELIANT CORP.,

    Defendant.

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

Mitchell Morrissey ("Plaintiff") brought suit against Cyber Reliant Corp. ("Defendant") alleging breach of contract and, in the alternative, unjust enrichment. ECF 1 (complaint), at 3–4.[1] Pending before the Court is Plaintiff's Motion for Default Judgment (the "Motion."). ECF 20. Defendant did not file an opposition. The Court has reviewed all relevant filings and finds that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). Accordingly, for the reasons stated below, Plaintiff's Motion is **GRANTED in part** and **DENIED in part**.

**I.**     **BACKGROUND**

    **A.**     **Factual Allegations**

On July 19, 2023, Plaintiff and Defendant signed a Secured Promissory Note ("Note") and Security Agreement, pursuant to which Plaintiff, as "Holder," extended a loan to Defendant for the principal sum of $100,000, which, together with accrued and unpaid interest of 10% thereon, matured and was payable on or before January 16, 2024 ("Maturity Date"). ECF 1, at 2 ¶ 5 (citing ECF 1-1). Defendant allegedly promised to pay Plaintiff the principal plus compound annual

---

[1] The Court references all filings by their respective ECF numbers and page numbers by the ECF-generated page numbers at the top of the page.

interest at 10%, starting on the first day and throughout the term of the loan on or before January 16, 2024. *Id.* ¶ 6. The Note provided for an "Event of Default" based on Defendant's "failure to pay the entire principal balance and all accrued but unpaid interest on this Note within thirty (30) days after becoming due and payable," and Defendant's "failure to observe or perform any covenant or agreement contained in this Note thirty (30) days after notice thereof to the Company and the failure of the Company to cure." ECF 1-1, at 7. The Note further provided that "upon the occurrence of any Event of Default, the Holder may declare this Note and the principal of and accrued interest on this Note and all other charges owing to the Holder to be, and the same shall forthwith become immediately due and payable, without notice, demand or presentment, all of which are hereby waived." *Id.*

According to the Complaint, Defendant is allegedly in Default under the Note as Defendant "has failed to pay the principal and all accrued interest on or before the Maturity Date." ECF 1, at 2 ¶ 9. Plaintiff indicates that he has "demanded, both verbally and in writing, to be paid the full principal and unpaid interest under the Note, but Defendant has continued to fail and refuse to make any payment." *Id.* at 3 ¶ 10. Plaintiff maintains that he is entitled to the principal and unpaid accrued interest, in addition to all costs and expenses incurred in connection with the collection of the principal balance and interest and in connection with the enforcement of any rights or remedies provided for under the Note, including all attorney's fees and disbursements. *Id.* ¶ 11 (citing ECF 1-1, at 8).

Plaintiff brings two counts against Defendant. In the first count for breach of contract, Plaintiff alleges that "Defendant's failure to fulfill its obligations under the Secured Promissory Note constitutes a material breach of the parties' agreement." *Id.* ¶ 15. In the second count for unjust enrichment, which Plaintiff pleads in the alternative, Plaintiff alleges that he paid Defendant

2

$100,000 with the expectation of full remuneration, together with interest, Defendant accepted Plaintiff's money with the understanding that Defendant would be obligated to fully remunerate Defendant, plus accrued interest, and accordingly, "[i]t would be inequitable and unjust for Defendant to accept and retain Plaintiff's money without paying full remuneration and interest to Plaintiff." *Id.* at 4 ¶¶ 18–20.

In the Complaint, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant in the amount of $100,000.00, plus accrued interest, award Plaintiff costs and reasonable attorney fees incurred to prosecute this action and grant other relief as the Court deems just and appropriate. *Id.* ¶ 20.

### B. Procedural History

Plaintiff filed the Complaint on November 10, 2024. ECF 1. Plaintiff served the summons on Defendant on December 3, 2024. ECF 16. After Defendant failed to file a responsive pleading, the Clerk entered default on January 7, 2025. ECF 18. On February 3, 2025, Plaintiff filed the instant Motion. ECF 20. Defendant failed to respond to the motion, and the time to do so has now expired. As such, this motion is now ripe for review.

### II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." The Court may conduct hearings or make referrals when necessary to determine the damages, establish the truth of any allegation by evidence, or investigate any other matter. Fed. R. Civ. P. 55(b)(2). Thereafter, the court may enter default judgment at the plaintiff's request and with notice to the defaulting party. *Id.*

Although the United States Court of Appeals for the Fourth Circuit has announced a "strong policy" in favor of deciding cases on their merits, *United States v. Schaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993), default judgment may be appropriate when a party is unresponsive. *S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005) (citing *Jackson v. Beech*, 636 F.2d 831, 836 (D.C. Cir. 1980)). Plaintiff, however, is not automatically entitled to default judgment simply because the defendant has not responded. Rather, entry of default judgment is left to the sound discretion of the court. *See, e.g., Choice Hotels Int'l, Inc. v. Jai Shree Navdurga, LLC*, Civ. No. DKC-11-2893, 2012 WL 5995248, at *1 (D. Md. Nov. 29, 2012); *see also Choice Hotels Int'l, Inc. v. Austin Area Hospitality, Inc.*, Civ. No. TDC-15-0516, 2015 WL 6123523, at *1 (D. Md. Oct. 14, 2015).

With respect to liability, the court takes as true all well-pleaded facts in the complaint. *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001); *see also* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."). The court applies the pleading standards announced in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) in the context of default judgments. *See, e.g., Balt. Line Handling Co. v. Brophy*, 771 F. Supp. 2d 531, 544 (D. Md. 2011). A complaint that avers bare legal conclusions or "naked assertion[s] devoid of further factual enhancement," is insufficient to award default judgment. *See id.* ("The record lacks any specific allegations of fact that 'show' why those conclusions are warranted.") (internal quotation marks omitted). The Court "must, therefore, determine whether the well-pleaded allegations in [the] complaint support the relief sought." *Ryan*, 253 F.3d at 780. "The party moving for default judgment has the burden to show that the defaulted party was properly served and that the unchallenged factual allegations constitute a

4

legitimate cause of action." *Harris v. Blue Ridge Health Servs., Inc.*, 388 F. Supp. 3d 633, 638 (M.D.N.C. 2019) (internal citations and quotation marks omitted).

If the complaint avers sufficient facts from which the court may find liability, the court next turns to damages. *See Ryan,* 253 F.3d at 780–81. The court must make an independent determination regarding damages and cannot accept as true factual allegations of damages. *See Lawbaugh,* 359 F. Supp. 2d at 422. Damages are restricted to that which is requested in the complaint. *See* Fed. R. Civ. P. 54(c) ("A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings."). While the court may conduct an evidentiary hearing to determine damages, it is not required to do so; it may rely instead on affidavits or documentary evidence in the record to determine the appropriate sum. *See Monge v. Portofino Ristorante,* 751 F. Supp. 2d 789, 795 (D. Md. 2010) (collecting cases).

### III.   ANALYSIS

#### A.   Choice-of-Law

The Note contains a choice-of-law provision specifying that the agreement "shall be governed by and construed under the internal laws of the State of Maryland as applied to agreements among Maryland residents entered into and to be performed entirely within the State of Maryland[.]" ECF 1-1, at 17. Thus, Maryland law governs.

#### B.   Defendant's Liability

In Maryland, "to prevail in an action for breach of contract, a plaintiff must prove that the defendant owed the plaintiff a contractual obligation and that the defendant breached that obligation." *Taylor v. NationsBank, N.A.*, A.2d 645, 651 (Md. 2001). Plaintiff alleges the existence of a valid contract in the form of a promissory note, which is attached as Exhibit A to the Complaint. *See* ECF 1-1. Under the terms of the Note, Defendant "promise[d] to pay to the order of Mitchell Morrissey or its successors and permitted assigns (the 'Holder'), the principal

sum of ONE HUNDRED THOUSAND DOLLARS (US $100,000), together with accrued and unpaid interest thereon from the date hereof, in lawful money of the United States of America, at any time on or before January 16, 2024[.]" ECF 1-1, at 2.

As to the breach, Plaintiff alleges that Defendant failed to pay the principal and all accrued interest on or before the Maturity Date (January 16, 2024). ECF 1, at 2 ¶ 9. As a result of Defendant's alleged default, the principal of, and accrued interest on, the Note became immediately due and payable. ECF 1-1, at 7. After Plaintiff demanded verbally and in writing to be paid the full principal and unpaid interest under the Note, Defendant allegedly continued to fail to make the payment. ECF 1, at 3 ¶ 10. As a result, accepting the well-pled allegations as true for the purposes of this Motion, Plaintiff has established breach of contract.

Because Defendant is liable to Plaintiff for breach of contract, Plaintiff's claim in the alternative for unjust enrichment is deficient. *See Janusz v. Gilliam*, 947 A.2d 560, 567 (Md. 2008) ("In Maryland, a claim of unjust enrichment, which is a quasi-contract claim, may not be brought where the subject matter of the claim is covered by an express contract between the parties.") (citation and internal quotation marks omitted); *Cnty. Comm'rs of Caroline Cnty. v. J. Roland Dashiell & Sons, Inc.*, 747 A.2d 600, 610 (Md. 2000) ("We hold that, generally, quasi-contract claims such as quantum meruit and unjust enrichment cannot be asserted when an express contract defining the rights and remedies of the parties exists."). Thus, Plaintiff's Motion is granted as to Count One (breach of contract) and denied as to Count Two (unjust enrichment).

### C. Damages

Having found that Defendant is liable for breach of contract, the Court turns to the question of damages. On default judgment, the Court may award damages without a hearing, but only if the record supports the damages requested. *See Clancy v. Skyline Grill, LLC*, Civ. No. ELH-12-

1598, 2012 WL 5409733, at *5 (D. Md. Nov. 5, 2012); *see also Monge*, 751 F. Supp. at 795 (collecting cases in which damages were awarded after an entry of default judgment and without a hearing, based on affidavits, electronic records, printouts, invoices, or other documentary evidence). The Court must be able to "review[] competent evidence in support of this figure." *See Int'l Painters and Allied Trades Indus. Pension Fund v. 3 R Painting & Contracting Co.*, Civ. No. RDB-12-272, 2013 WL 424694, at *7 (D. Md. Jan. 31, 2013) (awarding $114,269.54 in unpaid contributions where the Assistant to the Fund Administrator attested to, *and the Court verified*, the Plaintiff's calculation, as illustrated in the affidavit) (emphasis added).

By the terms of the Note, Defendant owes Plaintiff the outstanding principal and compound annual interest at 10%, which started on the first day of the loan. ECF 1-1, at 2. Specifically, Plaintiff asserts that Defendant owes: 1) contractual amount due of $100,000 as of July 19, 2023, 2) interest at a rate of ten percent (10%), compounded annually, which is calculated as $16,123.28 through January 30, 2025, 3) attorney's fees of $3,251.50, and 4) court costs at $605. In total, Plaintiff asserts that he is entitled to default judgment in the amount of $119,979.78 plus 10% interest, compounded annually, and additional attorney's fees and court costs incurred, until paid in full.[2] ECF 20, at 1–2.

Plaintiff attached the Note to the Complaint, which contains the signatures of Ricardo Bueno, Cyber Reliant Corporation's President, and Mitchell Morrissey. *See* ECF 1-1, at 20–21.

---

[2] Where a complaint specifies the amount of damages sought, the plaintiff is limited to entry of a default judgment in that amount. *In re Genesys Data Techs., Inc.*, 204 F.3d 124, 132 (4th Cir. 2000) ("When a complaint demands a specific amount of damages, courts have generally held that a default judgment cannot award additional damages . . . because the defendant could not reasonably have expected that his damages would exceed that amount."). In the Complaint, Plaintiff requested $100,000 plus accrued interest, along with costs and reasonable attorney's fees incurred to prosecute this action. ECF 1, at 4. Thus, Plaintiff's damages request in the Motion comports with the amount sought in the Complaint.

The Note clearly states that Cyber Reliant Corporation "promises to pay" Mitchell Morrissey the principal sum of $100,000, together with accrued and unpaid interest, at any time on or before January 16, 2024. ECF 1-1, at 2. As established above, Plaintiff has alleged that Defendant failed to make such a payment. For the purposes of damages, however, the Court cannot merely accept as true factual allegations of damages. *See Lawbaugh*, 359 F. Supp. 2d at 422. The Court must be able to review competent evidence in support of the damages figure.

Here, the Motion is 1.5 pages, with six paragraphs, and no supporting documentation. *See* ECF 20. To credibly establish that Plaintiff is entitled to the requested amount, Plaintiff must provide record support for damages, not merely state the amount sought. For instance, there is no sworn affidavit establishing the outstanding principal or the calculation of interest. Thus, while it appears that Defendant, under the plain terms of the Note, owes Plaintiff the principal sum of $100,000, together with accrued and unpaid interest, which is calculated as $16,123.28 through January 30, 2025, there is no affidavit attesting to the figures or attesting that Defendant has not made any payment up until this point. *Cf. Nat'l Elec. Benefit Fund. v. Wire to Water Elec. of New York, Inc.*, Civ. No. TDC-19-3003, 2020 WL 1933625, at *4 (D. Md. Apr. 21, 2020) (awarding requested damages sum where, in support of Plaintiff's request, Plaintiff submitted, *inter alia*, a "detailed affidavit with exhibits"). The Court cannot accept as true the factual allegations of damages in the Complaint or instant Motion; thus, no damages will be awarded for the allegedly outstanding principal and interest at this time.

Additionally, Plaintiff requests attorney's fees in the amount of $3,251.50 and court costs in the amount of $605. ECF 20, at 2. However, Plaintiff has not provided proof of such costs and expenses with sufficient specificity for the Court to award them as part of the default judgment. For example, there is no affidavit attesting under oath that these figures are accurate, and there is

8

no information explaining how attorney's fees were calculated or which court costs were included. *See Fed. Nat'l Mortg. Ass'n v. Huang*, Civ. No. TDC-14-3323, 2015 WL 5038305, at *4 (D. Md. Aug. 24, 2015) (denying request for attorney's fees where "the affidavit provide[d] a figure for attorney's fees," but it did not "provide any billing records or other information to substantiate the charges," or provide "sufficient information on billing rates to allow for a proper lodestar calculation of the fees") (citing Loc. R. Appendix B: Guideline 3 (D. Md. 2014)). Accordingly, the Court is unable to verify the legitimacy of the calculation because there is no evidence in the record for the Court to independently review. *See Walsh v. Yost*, No. 20-cv-449-PX, 2022 WL 9362277, at *4 (D. Md. Oct. 14, 2022) (denying request for monetary and injunctive relief where Plaintiff "ha[d] not shown his work"). Thus, no damages will be awarded on this record. Within 14 days of the Order on this Motion, Plaintiff may submit additional documentation to substantiate the damages associated with the instant action, which may result in an amended default judgment. If Plaintiff fails to do so, the denial of relief will stand, and the case will be closed.

## IV.   CONCLUSION

For the foregoing reasons, Plaintiff's motion for default judgment as to breach of contract is granted. The request for monetary relief is denied without prejudice. The Court grants Plaintiff one opportunity to supplement the record on damages within 14 days of the date of this Order.

A separate implementing Order will issue.


Dated: April 4, 2025                                       /s/
                                                    Brendan A. Hurson
                                                    United States District Judge