IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| MITCHELL MORRISSEY, | * |
| Plaintiff, | * |
| v. | * Civil No. 24-3249-BAH |
| CYBER RELIANT CORP., | * |
| Defendant. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Mitchell Morrissey ("Plaintiff") brought suit against Cyber Reliant Corp. ("Defendant") alleging breach of contract and, in the alternative, unjust enrichment. ECF 1 (complaint), at 3–4.[1] On April 4, 2025, the Court granted in part and denied in part Plaintiff's motion for default judgment, ECF 21; ECF 23. The Court found that Plaintiff established liability as to Defendant's breach of contract, but Plaintiff failed to provide adequate record evidence to support the request for monetary relief. *Id.* The Court afforded Plaintiff an opportunity to supplement the record on damages by April 18, 2025. *Id.* Plaintiff subsequently filed additional documentation to support the damages request on April 16, 2025, *see* ECF 22, but failed to provide adequate documentation needed for the Court to assess the calculation of attorneys' fees. *See* ECF 24. The Court provided Plaintiff with one last opportunity to supplement the record on attorneys' fees by July 25, 2025. *Id.* Plaintiff provided such additional documentation on that date. ECF 25.

---

[1] The Court references all filings by their respective ECF numbers and page numbers by the ECF-generated page numbers at the top of the page.

The Court has reviewed all relevant filings and finds that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). Accordingly, for the reasons stated below, the Court **AMENDS** the default judgment order and awards Plaintiff the requested relief.

## I. BACKGROUND

### A. Supplemental Damages Documentation

The relevant factual allegations are set forth in the Court's previous memorandum opinion, ECF 21, thus the Court assumes familiarity with that opinion. Plaintiff submits a declaration and three exhibits in support of his request for damages and fees. *See* ECF 22. In his declaration, Morrissey affirmed that he entered into a Secured Promissory Note (the "Note") and Security Agreement with Defendant and demanded to be paid the full principal and unpaid interest under the Note, but Defendant has continued to fail and refuse to make any payment. *See id.* at 1–2 ¶¶ 2, 6. Plaintiff also submitted an affidavit for entry of default filed by David Heim (Exhibit B), invoices detailing costs incurred for legal representation (Exhibit C), and court costs (Exhibit D). *Id.* at 26–48. Plaintiff submits affidavits from attorneys David Heim and Michael McCarrie in support of the request for attorneys' fees. *See* ECF 25.

### B. Procedural History

Plaintiff filed the Complaint on November 10, 2024. ECF 1. On December 3, 2024, Plaintiff served the summons and complaint on Defendant at 7 St. Paul Street, Suite 1900 Baltimore, MD 21202.[2] *See* ECF 16. After Defendant failed to file a responsive pleading, the Clerk entered default on January 7, 2025. ECF 18. On February 3, 2025, Plaintiff filed the motion for default judgment. ECF 20. On April 4, 2025, that motion was granted in part as it relates to

---

[2] The Court verified that this is the address listed for Cyber Reliant Corp.'s resident agent on the Maryland State Department of Assessments and Taxation website. *See* Md. Rule 2-124(d) ("Service is made upon a corporation, incorporated association, or joint stock company by serving its resident agent, president, secretary, or treasurer.").

2

count one (breach of contract) and denied as to count two (unjust enrichment). ECF 21, at 6. The Court also held that damages were uncertain and attorneys' fees unsupported. *Id.* at 9.

## II. LEGAL STANDARD

As noted in ECF 21, pursuant to Federal Rule of Civil Procedure 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." The Court may conduct hearings or make referrals when necessary to determine the damages, establish the truth of any allegation by evidence, or investigate any other matter. Fed. R. Civ. P. 55(b)(2). Thereafter, the court may enter default judgment at the plaintiff's request and with notice to the defaulting party. *Id.*

If the complaint avers sufficient facts from which the court may find liability, the court turns to damages. *See Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780–81 (4th Cir. 2001). The court must make an independent determination regarding damages and cannot accept as true factual allegations of damages. *See S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 422 (D. Md. 2005). Damages are restricted to that which is requested in the complaint. *See* Fed. R. Civ. P. 54(c) ("A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings."). While the court may conduct an evidentiary hearing to determine damages, it is not required to do so; it may rely instead on affidavits or documentary evidence in the record to determine the appropriate sum. *See Monge v. Portofino Ristorante*, 751 F. Supp. 2d 789, 795 (D. Md. 2010) (collecting cases).

## III. ANALYSIS

### A. Damages

The Motion includes a declaration setting forth, *inter alia*, that the Defendant is indebted to Plaintiff as follows: $100,000.00 principal plus interest at a rate of 10% compounded annually,

3

which was calculated at an amount of $18,035.31 through April 14, 2025, the date of Plaintiff's declaration. *See* ECF 22, at 2 ¶ 9. To date, the interest has now accrued to $23,890.56. The declaration also indicates that pursuant to the Note, Plaintiff is entitled to recover all court costs and fees in the event of a Default, which totaled $5,344.00 in attorneys' fees and $1,033.76 in court costs as of the date of Plaintiff's declaration. *Id.* at 2–3 ¶¶ 10, 11, 12.

Morrissey's declaration provides sufficient record evidence of the damages requested for the principal and interest amount under the Note. The Court is satisfied that Plaintiff is entitled to the contractual amount due ($100,000.00) plus interest to date (calculated at $23,890.56 through October 14, 2025) as asserted in his complaint. ECF 1, at 3 ¶ 13.

### B. Attorneys' Fees

Plaintiff is also entitled to attorneys' fees and costs under the terms of the Note. ECF 22, at 11 ¶ 8. "A contractual obligation to pay attorneys' fees generally is valid and enforceable in Maryland." *Atl. Contracting & Material Co., Inc. v. Ulico Cas. Co.*, 844 A.2d 460, 477 (Md. 2004); *see also Dominion Fin. Servs., LLC v. Pavlovsky*, 673 F. Supp. 3d 727, 754 (D. Md. 2023). Trial courts must assess any fee award request for "reasonableness." *Myers v. Kayhoe*, 892 A.2d 520, 532 (Md. 2006). Rule 1.5 of the Maryland Rules of Professional Conduct ("MRPC") guides a court's analysis of the reasonableness of fee awards. MRPC Rule 1.5 provides that a court should consider

> (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly; (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment of the attorney; (3) the fee customarily charged in the locality for similar legal services; (4) the amount involved and the results obtained; (5) the time limitations imposed by the client or by the circumstances; (6) the nature and length of the professional relationship with the client; (7) the experience, reputation, and ability of the attorney or attorneys performing the services; and (8) whether the fee is fixed or contingent.

MRPC 1.5(a). "A court does not need to evaluate each factor separately, nor does it need to 'make explicit findings with respect to [MRPC] Rule 1.5,' as long as the court 'utilizes the rule as its guiding principle' for deciding reasonableness." *Dauda v. Jean*, Civ. No. 23-174-GLS, 2025 WL 947995, at *4 (D. Md. Mar. 28, 2025) (quoting *Monmouth Meadows Homeowners Ass'n, Inc. v. Hamilton*, 7 A.3d 1, 10 n.13 (Md. 2010)).

Under MRPC 1.5(a)(3), a court reviewing an attorneys' fee request must consider "the fee customarily charged in the locality for similar legal services." In making this inquiry, the Fourth Circuit follows the "locality rule," whereby "[t]he community in which the court sits is the first place to look to in evaluating the prevailing market rate." *Montcalm Pub. Corp. v. Commonwealth of Va.*, 199 F.3d 168, 173 (4th Cir. 1999) (citation omitted) (internal quotation marks omitted). "Evidence of the prevailing market rate usually takes the form of affidavits from other counsel attesting to their rates or the prevailing market rate. However, in the absence of sufficient documentation, the court may rely on its own knowledge of the market." *CoStar Group, Inc. v. LoopNet, Inc.*, 106 F. Supp. 2d 780, 788 (D. Md. 2000). "In the District of Maryland, this market knowledge is embedded in the [g]uidelines" set forth in the Local Rules. *Gonzales v. Caron*, Civ. No. 10-2188-CBD, 2011 WL 3886979, at *2 (D. Md. Sept. 2, 2011). The guidelines, intended to assist with determining the reasonableness of hourly rates, provide that lawyers admitted to the bar for twenty years or more may reasonably bill $300 to $475 per hour. Loc. R. Appendix B(3)(e) (D. Md. 2025). While fee matrices can be a "useful starting point to determine fees[,]" the court must consider all relevant evidence when assessing the reasonableness of attorney fees and "may not elevate a matrix above all other types of evidence or treat a matrix as establishing a presumptive answer or range of answers." *De Paredes v. Zen Nails Studio LLC*, 134 F.4th 750, 753–54 (4th

Cir. 2025) (quoting *Newport News Shipbuilding & Dry Dock Co. v. Holiday*, 591 F.3d 219 (4th Cir. 2009)).

Plaintiff's motion for default judgment, filed on February 3, 2025, requests attorneys' fees of $3,251.50 and court costs of $605.00, totaling $3,856.50. ECF 20, at 2 ¶ 5. His declaration, filed on April 16, 2025, then states that he incurred $5,344.00 in attorneys' fees, court costs of $428.76, and additional court costs of $605.00, totaling $6,466.76. ECF 22, at 2–3 ¶¶ 11–12.[3] Plaintiff attaches invoices from his attorneys and payment receipts in support of the amounts claimed. *Id.* at 31–48. Plaintiff also submits declarations from his attorneys in support of his claim for fees and costs. ECF 25. The invoices and receipts provide satisfactory evidence of the amounts of $428.76 and $605.00, respectively, in costs. *See* ECF 22, at 31–48.

As to fees for Heim and McCarrie,[4] the Court must determine whether their fees are reasonable. *See* MRPC 1.5. Both attorneys assert their fees are reasonable because: "[t]he time and labor required were appropriate given the procedural posture and the need to support a default judgment with competent evidence"; "[t]he fee is based on an hourly arrangement and reflects standard rates"; "[t]here were time-sensitive filings required by the Court; "[t]he amount at issue and the relief obtained were substantial and directly related to Plaintiff's commercial interests"; and "[t]he professional relationship with the client began in or around 2023 and has been ongoing throughout this litigation." ECF 25, at 3 ¶ 9, at 5–6 ¶ 9. The Court agrees that these assertions

---

[3] There is some discrepancy in the attorneys' fees claimed by Plaintiff. Plaintiff initially claimed $3,251.50 in attorneys' fees in his motion for default judgment. ECF 20, at 2. Plaintiff's subsequent filing and the declarations from counsel claimed $5,344.00 in attorneys' fees, ECF 22, at 2 ¶ 11; ECF 25, at 2 ¶ 5, at 5 ¶ 5, which is supported by the invoices provided, ECF 22, at 32–44.

[4] To the extent Plaintiff is requesting fees for any work completed by individuals other than Heim and McCarrie, *see id.* (including entries by "TB," "MT," and "TW" totaling $594.00), those fees will not be awarded as Plaintiff has not provided any support or evidence regarding bills submitted by those individuals despite multiple opportunities to do so. *See* ECF 22; ECF 24.

6

support an award of attorneys' fees, thus the Court turns to whether Heim and McCarrie's hours and rates were reasonable.

### 1. Reasonable Hours

"[T]he party seeking fees "has the burden of proving hours to the district court by submitting contemporaneous time records that reveal all hours for which compensation is requested and how those hours were allotted to specific tasks." *Gonzalez*, 2011 WL 3886979, at *3 (internal quotation marks omitted) (quoting *CoStar*, 106 F. Supp. 2d at 788). Plaintiff submitted invoices as exhibits to his declaration. ECF 22, at 31–48. Heim spent eight hours and McCarrie spent one hour on this case, *id.*, including, for example, "drafting and filing the [c]omplaint," "preparation and oversight of the default motion," and "coordination with local counsel." ECF 25, at 2 ¶ 6, at 5 ¶ 6. Upon review of the submitted invoices and description of the work completed, the Court is satisfied that eight hours of work was appropriate. Items such as reviewing the promissory note, drafting and reviewing the complaint and motion for default judgment, and conferring with local counsel appear to have taken a suitable amount of time. *See* ECF 22, at 32–44 (for example, "review Promisory [sic] Note/dictate draft complaint" took McCarrie 0.5 hours and "[r]eview and revise draft complaint, review local MD rules for pleadings, pro hac, send revised complaint to staff and MJM for filing" took Heim 0.9 hours). Thus, the hours expended by Plaintiff's attorneys were reasonable.

### 2. Reasonable Billing Rate

The hourly billing rate must also be reasonable. *See Wei v. Xu*, Civ No. ELH-21-601, 2022 WL 1422926, at *12 (D. Md. May 4, 2022) (discussing the Court's obligation to inquire into the reasonableness of attorneys' fees before deciding on an award (citing *Monmouth Meadows Homeowners Ass'n, Inc.*, 7 A.3d at 5)). The Court is mindful that fee matrices are not the only

7

factors to take into account when assessing the reasonableness of attorneys' fees and does not assume the local rules fee matrix to be presumptively reasonable or rely solely on it here. *See De Paredes*, 134 F.4th at 754 (identifying "lawyer affidavits, fee awards in similar cases, general surveys, fee matrices," and the court's own personal knowledge as relevant to evaluations of fee requests). However, using the guidelines as a helpful starting point, the Court observes that hourly rates of $525 (Heim) and $550 (McCarrie), ECF 25, at 1 ¶ 2, at 4 ¶ 2, are slightly above the upper bounds of the guidelines for lawyers admitted to the bar for over 20 years. *See* Loc. R. Appendix B(3)(e) (D. Md. 2025).

Heim is a law firm partner with "more than 20 years of litigation experience . . . regularly represent[ing] clients in complex commercial matters" who has "been recognized for [his] litigation work by Super Lawyers and ha[s] presented CLE seminars on trial strategy and litigation tactics." ECF 25, at 1 ¶ 2. McCarrie was admitted to the Pennsylvania Bar in 1989, ECF 3, at 1, and is now "of counsel" with "extensive experience in commercial litigation, healthcare law, and federal civil procedure generally," ECF 25, at 4 ¶ 2. McCarrie's law firm website profile reflects that he has significant experience in a wide variety of matters. *See EEOC v. Bardon, Inc.*, Civ. No. RWT-08-1883, 2010 WL 989051, at *2 (D. Md. Mar. 12, 2010) (quoting a firm website as a source of counsel's experience). Thus, McCarrie has a similar level of experience to Heim and both have nearly the same hourly rate. ECF 25, at 1 ¶ 2, at 4 ¶ 2. Both attorneys assert that their hourly rates "are fair, reasonable, and consistent with the prevailing rates charged by attorneys of comparable skill and experience in this jurisdiction." ECF 25, at 2 ¶ 8, at 5 ¶ 8. And while the Court does not presume that the guidelines are reasonable, Heim and McCarrie's rates are only slightly higher than the rates set forth in the Local Rules. The Court, therefore, finds that the requested attorneys' fees are reasonable and will award them in accordance with the supplied

invoices, ECF 22, at 32–44, at a rate of $525 per hour for eight (8) hours (Heim), and $550 per hour for one (1) hour (McCarrie), totaling $4,750.00.

## IV. <u>CONCLUSION</u>

For the foregoing reasons, the Court amends the default judgment order and awards Plaintiff the contractual amount due ($100,000.00) plus interest ($23,890.56 through October 14, 2025), attorneys' fees ($4,750.00), and costs ($1,033.76), totaling $129,674.32.

A separate implementing Order will issue.

Dated: <u>October 14, 2025</u>                                             <u>        /s/        </u>
                                                                                          Brendan A. Hurson
                                                                                         United States District Judge